FILED

MAR 2 8 2024

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| SONIA ZEPEDA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No.  DR-22-CV-00057-AM |
| | § | |
| HAMILTON INSURANCE GROUP, | § | |
| LTD. (1), HAMILTON SELECT | § | |
| INSURANCE, INC. (2), and | § | |
| HAMILTON INSURANCE DAC (3), | § | |
| Defendants. | § | |

## ORDER

Before the Court is the Report and Recommendation of the Honorable Matthew H. Watters, United States Magistrate Judge.  (ECF No. 31.)  On June 1, 2023, the Court referred all pretrial matters to Judge Watters under Title 28 U.S.C. § 636.  Judge Watters now recommends granting the Defendants' motions to dismiss [ECF Nos. 24, 25, and 26].  No party timely objected. Upon review, the Court **ADOPTS** the Report and Recommendation.

## I. BACKGROUND

This matter arises from an insurance dispute.  After the Plaintiff failed to maintain homeowner's coverage, her mortgage lender, Bayview Loan Servicing LLC, purchased a policy from Defendant Hamilton Insurance DAC (hereinafter "Hamilton DAC").  (Pl.'s First Am. Compl. at 4, ECF No. 23; Def.'s Mot. to Dismiss at 2-3, ECF No. 25.)  The policy does not name the Plaintiff as a party or beneficiary.  (Policy, ECF No. 25-1; Hamilton DAC's Mot. to Dismiss at 2-3, ECF No. 25; Pl.'s Response at 5-6, ECF No. 27).  Nevertheless, after a water line rupture damaged her home, the Plaintiff submitted a claim for repairs under that policy.  (Pl.'s First Am. Compl. at 4, ECF No. 23.)  Alleging underpayment and unreasonable delay, she sued for violations

of Texas Insurance Code chapters 541 and 542, breach of contract, and breach of the duty of good faith and fair dealing. (*Id.* at 9-13.)

Based on diversity jurisdiction, Defendant Hamilton Select Insurance, Inc. (hereinafter "Hamilton Select") removed the suit to this Court on November 7, 2022. (Not. of Removal, ECF No. 1.) The Plaintiff filed her First Amended Complaint on June 9, 2023. (ECF No. 23.) It named Hamilton Insurance Group, Ltd. (hereinafter "Hamilton Group") and Hamilton Select as defendants but contained no factual allegations or causes of action against either. (*Id.*) Both moved to dismiss under Rule 12(b)(6) for failure to state a claim. (ECF Nos. 24 and 26.) The Plaintiff did not file a response to either of these motions.

In addition, while the First Amended Complaint did not list Hamilton DAC in the caption, it contained several factual allegations and causes of action against it. Hamilton DAC moved to dismiss under Rule 12(b)(1) for lack of standing. (ECF No. 25.) The Plaintiff filed a response to Hamilton DAC's Motion to Dismiss. (ECF No. 27.) Hamilton DAC filed a reply. (ECF No. 29.)

## II. STANDARD OF REVIEW

Parties may object to the proposed findings and recommendations of a magistrate judge within fourteen days after service of a report and recommendation. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). No objections to Judge Watters's Report and Recommendation have been filed to date. Accordingly, the Court need not review this matter *de novo. Douglas v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1428 (5th Cir. 1996). The Court need only decide whether the Report's proposed findings and recommendations are clearly erroneous or contrary to law. *Id.* at 1429.

## III. ANALYSIS

The Court has reviewed Judge Watters's Report and Recommendation [ECF No. 31] and finds neither clear error nor any proposed finding or conclusion contrary to law. The Report and

Recommendation correctly notes that when a complaint merely mentions a defendant in the caption but fails to allege any conduct against that Defendant, dismissal is warranted [*id.* at 10]. *See Bueno Invs., Inc. v. Depositors Ins. Co.*, No. EP-16-CV-60-KC, 2016 U.S. Dist. LEXIS 57729, at *4–5 (W.D. Tex., Apr. 4, 2016); *Mayo v. Bankers Life & Cas. Co.*, No. 2:10-CV-195KS-MTP, 2010 U.S. Dist. LEXIS 114999, at *6–7 (S.D. Miss. Oct. 27, 2010).  Because the First Amended Complaint fails to allege any conduct against either Hamiton Group or Hamilton Select, the Report and Recommendation recommends dismissal with prejudice for failure to state a claim as to both Defendants [*id.*].

The Report and Recommendation also correctly reasons that, under Texas law, a third party to an insurance contract lacks standing to bring:

(1)     direct claims against an insurer under Texas Insurance Code chapters 541 and 542, *HLT Props., LLC v. Evanston Ins. Co.*, 388 F. Supp. 3d 718, 729 (W. D. Tex. 2019) (citing *Caplinger v. Allstate Ins. Co.*, 140 S.W.3d 927, 931 (Tex.App.—Dallas 2004, pet. denied)); *see also Reule v. Colony Ins. Co.*, 407 S.W.3d 402, 410–14 (Tex.App.—Houston [14th Dist.] 2013, pet. denied);

(2)     claims for breach of the duty of good faith and fair dealing, *Tex. Farmers Ins. Co. v. Soriano*, 881 S.W.2d 312, 317 (Tex. 1994); *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 698 (Tex. 1994); and

(3)     claims for breach of contract unless the policy clearly and unequivocally evidences the parties' intent to confer third-party beneficiary status, *Tawes v. Barnes*, 340 S.W.3d 419, 425 (Tex. 2011).

Because the Plaintiff can establish neither privity nor third-party beneficiary status under the terms of the at-issue insurance policy, the Report and Recommendations recommends dismissal with prejudice for lack of standing to bring her claims against Hamilton DAC. (*Id.* at 6-10.)

### IV. CONCLUSION

Accordingly, the Court **ADOPTS** Judge Watters's Report and Recommendation [ECF No. 31] and **GRANTS** the Defendants' Motions to Dismiss [ECF Nos. 24, 25, and 26]. The Plaintiff's claims against Hamilton Insurance DAC are **DISMISSED WITHOUT PREJUDICE**. The Plaintiff's claims against Hamilton Insurance Group, LTD. and Hamilton Select Insurance, Inc. are **DISMISSED WITH PREJUDICE**. It is further **ORDERED** that the Clerk of Court shall administratively close this cause of action.

SIGNED and ENTERED on this 27th day of March 2024.

ALIA MOSES
Chief United States District Judge